IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  02-cv-1171-ZLW-MJW

ESTATE OF CAROLYN ANN PETRILLO, by and through its
Personal Representative, Mohamed Mashaal;
MOHAMED MARK MASHAAL; and
SELAH FRANK MASHAAL, a minor child, by and through
his father and next of friend, Mohamed Mashaal,

    Plaintiffs,
v.

CITY OF AURORA;
ESTATE OF GEORGE PETRILLO, by and through its
Personal Representative, Eleanore R. Belz;
VERNE R. SAINT VINCENT, former Chief of the Aurora
Police Department;
CURTISS H. CHRISTENSEN, Sergeant; and
BRIAN SAUPE, Police Officer,

    Defendants.

## ORDER

The matter before the Court is Defendants' Motion To Dismiss For Lack of Subject Matter Jurisdiction, filed by Defendants Verne R. Saint Vincent, Curtiss H. Christensen, and Brian Saupe (Individual Defendants).  The Individual Defendants move to dismiss the Sixth Claim for Relief, which is a supplemental state tort claim for wrongful death.[1]  The Individual Defendants contend that the claim should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because

---

[1] See 28 U.S.C. § 1367.

Plaintiffs failed to comply with the notice provisions of the Colorado Governmental Immunity Act (CGIA).[2] In the alternative, the Individual Defendants argue that they are immune under the CGIA because they committed no willful and wanton acts causing injury to Plaintiffs.

The CGIA's notice provisions require that any person claiming injury by a public entity or employee must file a written notice of claim within 180 days after the discovery of the injury, "regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury."[3] The notice provisions of the CGIA apply to tort actions against public employees as well as to claims against the public entity itself.[4] Compliance with the requirements of the notice provisions is jurisdictional.[5] The notice must contain, among other things, "[a] concise statement of the factual basis of the claim, including the date, time, place, and circumstances of the act, omission, or event complained of," and "[t]he name and address of any public employee involved, if known."[6] "The notice requirements of the CGIA apply when federal courts hear Colorado tort claims under supplemental jurisdiction."[7]

---

[2] Colo. Rev. Stat. § 24-10-101, *et seq.*

[3] Colo. Rev. Stat. § 24-10-109(1).

[4] See Colo. Rev. Stat. § 24-10-118(1)(a).

[5] Colo. Rev. Stat. § 24-10-109(1).

[6] Colo. Rev. Stat. § 24-10-109(2).

[7] Aspen Orthopaedics & Sports Med., LLC v. Aspen Valley Hosp. Dist., 353 F.3d 832, 838 (10th Cir. 2003).

Police were called to a domestic incident at the Petrillo home on May 5, 2000. The murders were committed on June 21, 2001. Plaintiffs provided their one and only notice of claim to the City of Aurora on November 16, 2001. Under the "Statement of Factual Basis" section of the notice, Plaintiffs stated that:

> [t]he actions of Officer George Petrillo, an employee of the City of Aurora Police Department, wrongfully deprived Frank and Mark Mashaal of their mother. Officer Petrillo murdered Carolyn Petrillo on June 21, 2001. Specifically, Plaintiffs' [sic] claim the City of Aurora and its agents, including but not limited to the Aurora Police Department, negligently hired and monitored Officer Petrillo.[8]

Under the heading "Name and Address of Public Officials, Employees, and Agents Involved," Plaintiffs listed George Petrillo, the City of Aurora, and the Aurora Police Department. They also stated that "[t]here may be other, as yet unidentified, public agents, servants, departments, and employees involved in this matter."[9] Under the heading "Nature and Extent of Injuries Claimed," Plaintiffs stated, "Frank and Mark Mashaal were wrongfully deprived of the financial support and companionship of their mother, Carolyn Petrillo. Claims may include other injuries that may be discovered at a later date." The Individual Defendants assert that Plaintiffs' notice fails under the CGIA because it did not provide any notice of the wrongful death claim against the Individual Defendants.

---

[8] Defendants' Motion To Dismiss For Lack of Subject Matter Jurisdiction, Exh. A.

[9] Id.

Plaintiffs' notice was submitted within 180 days of June 21, 2001, and therefore was timely under Colo. Rev. Stat. § 24-10-109(1).  Further, the notice of claim substantially complies[10] with the requirements set forth in Colo. Rev. Stat. § 24-10-109(2).

> A notice of claim substantially complies with a requirement if the plaintiff makes a good faith effort to satisfy the requirement and any error or omission does not prejudice the public entity by adversely affecting its ability to defend against the claim.  A public entity is not prejudiced by a plaintiff's failure to comply as long as the plaintiff's error does not prevent the public entity from investigating and remedying any dangerous conditions, making adequate fiscal arrangements to meet any potential liability, or preparing a defense to the claim.[11]

"The notice requirement may be satisfied even if certain elements are missing or are not precisely set out, such as the exact nature of the injury and the exact monetary value of the claim."[12]  Further, the Court "may consider whether and to what extent the public entity has been adversely affected in its ability to defend against the claim by reason of any omission or error in the notice."[13]

Here, it appears to be undisputed that Plaintiffs did not learn the Individual Defendants' names, and did not receive the May 5, 2000, police report, until after this

---

[10] See Woodsmall v. Regional Transp. Dist, 800 P.2d 63, 68 (Colo. 1990); Finnie v. Jefferson County School Dist. R-1, 79 P.3d 1253, 1258 (Colo. 2003) ("substantial compliance" standard applies to the CGIA's notice requirements).

[11] Dicke v. Mabin, 101 P.3d 1126, 1132 (Colo. App. 2004).

[12] Trinity Broadcasting v. Westminster, 848 P.2d 916, 928 (Colo. 1993).

[13] Woodsmall, 800 P.2d a 69.

4

action was filed. Plaintiffs' omission of the information therefore was in good faith. Further, the CGIA does not require that the notice identify the particular tort which will be pleaded in the lawsuit. Although Plaintiffs' notice is "not a model of specificity,"[14] by claiming that the City of Aurora (City) negligently monitored Officer Petrillo, who then murdered his family, the notice reasonably would have prompted the City to investigate prior incidents involving the Petrillo family with which the Aurora Police Department had been involved. The Individual Defendants have submitted no evidence indicating that the notice prevented the City from making adequate fiscal arrangements to meet any potential liability or adversely affected the City's ability to defend against Plaintiffs' claim. Unlike the notice in Conde v. State Dept. of Personnel,[15] the injury alleged in Plaintiffs' pleading is the same as the injury set forth in the notice: the loss of Plaintiffs Frank and Mark Mashaal's mother. Moreover, Awad v. Breeze[16] does not require amendment of a CGIA notice under the present circumstances. Plaintiffs' notice contained sufficient information to comply substantially with Colo. Rev. Stat. § 24-10-109(2).

---

[14] Crouse v. City of Colorado Springs, 766 P.2d 655, 664 (Colo. 1988).

[15] 872 P.2d 1381, 1385 (Colo. App. 1994).

[16] 2005 WL 913546 (Colo. App. 2005).

**B.      Willful and Wanton Conduct**

The Individual Defendants are immune from tort liability under the CGIA unless the alleged act or omission causing the injury was willful and wanton.[17]  The Individual Defendants contend that the Sixth Claim for Relief should be dismissed on this motion because Plaintiffs have no evidence of any willful and wanton acts by the Individual Defendants which proximately caused Plaintiffs' alleged injuries, and, even if they do, the Court must resolve all factual disputes concerning immunity before trial.  "When a party challenges the allegations supporting subject-matter jurisdiction [under Rule 12(b)(1)], the 'court has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts.'"[18]  However, when "resolution of the jurisdictional question is intertwined with the merits of the case," the court must "convert [the] Rule 12(b)(1) motion . . . into a [motion under] Rule 12(b)(6) . . . or . . . Rule 56."[19]  "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'"[20]  Here, the issue of whether the alleged acts were willful and wanton is very much intertwined with the merits of the Sixth Claim for relief.  However, since the Individual

---

[17] See Colo. Rev. Stat. § 24-10-118(2)(a).

[18] Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296, quoting Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).

[19] Holt, 46 F.3d at 1003.

[20] Davis, 343 F.3d at 1296, quoting Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002).

Defendants assume that a summary judgment standard will not be applied,[21] and since the Court gave no notice that it would convert the motion to dismiss,[22] the Court will not convert the motion. Instead, the Individual Defendants may bring a fully briefed motion for summary judgment, if they wish to do so.

The Individual Defendants argue that the Court *must* hold an evidentiary hearing to resolve all immunity issues before trial pursuant to Finnie v. Jefferson County School Dist. R-1[23] and Trinity Broadcasting.[24]  However, both Finnie and Trinity enunciate state procedural law, which does not apply to the supplemental state claim in this federal action.[25]  Accordingly, it is

ORDERED that Defendants' Motion To Dismiss For Lack of Subject Matter Jurisdiction is denied, with leave to the Individual Defendants to bring a motion for summary judgment as to the Sixth Claim for Relief.  It is

---

[21] See Defendants' Reply In Support of Motion To Dismiss at 5.

[22] See Burnham v. Humphrey Hospitality Reit Trust, Inc., 403 F.3d 709, (10th Cir. 2005) (court must provide notice before converting a motion to dismiss into a motion for summary judgment).

[23] See Finnie, 79 P.3d at 1258-59.

[24] 848 P.2d 916.

[25] See Hanna v. Plumer, 380 U.S. 460, 463-74 (1965); Jones v. Denver Post Corp., 203 F.3d 748, 757 (10th Cir. 2000); McDowell v. Brown, 392 F.3d 1283, 1294 (11th Cir. 2004); Simmons v. City of Philadelphia, 947 F.2d 1042, 1085 (3rd Cir. 1991).

FURTHER ORDERED that the Individual Defendants' request for an evidentiary hearing pursuant to Trinity Broadcasting v. City of Westminster is denied.

DATED at Denver, Colorado, this  23rd  day of June, 2005.

BY THE COURT:

s/Zita L. Weinshienk
_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court